## R. E. Clasby *v*. Emily Barnett.

**Judicial Sales—Confirmation of Sale.**

   Although a purchaser at the sale of the commissioner of a court of equity is only a preferred bidder until the sale is consummated by the chancellor, yet the chancellor can not arbitrarily refuse to confirm the sale, but must act under his authority as regulated by the fixed rules of equity.

**Equity—Purchaser at Commissioner's Sale.**

   The purchaser of property at the sale of a commissioner of a chancery court is the equitable owner of the property, and an order of confirmation is a determination by the chancellor that purchaser's right had existed from the date of the sale.

**Taxation—Purchaser at Commissioner's Sale.**

   A purchaser of land at the sale of a commissioner of a chancery court is required to list the same for taxation, although the sale may not have been confirmed by the chancellor.

**Taxation—Land Sold at Commissioner's Sale.**

   Where the purchaser of land at the sale of a commissioner of a chancery court, failed to list the land for taxation, prior to confirmation of the sale, and the land was taxed to the person who owned it prior to the sale, the purchaser of the land can not treat the payment of the tax by the prior owner as a mere gratuity, it having been paid by the prior owner for the benefit of the purchaser to escape a distress warrant.

APPEAL FROM FAYETTE CIRCUIT COURT.

June 5, 1873.

OPINION BY JUDGE LINDSAY:

Whilst it is true that in one sense the purchase at a sale made by the commissioner of a court of equity is only a preferred bidder, and that his rights thereunder do not become absolutely perfect until the sale is confirmed by the chancellor, it is also true that he occupies a position similar to and jointly as favorable as any other purchaser under an executory contract. The chancellor can not arbitrarily refuse to confirm the sale. It is not with him a mere matter of discretion, but a duty or power, regulated by fixed rules, and unless there exists some reason which, according to the principles of equity practice authorizes the sale to be set aside, the purchaser is not only a preferred bidder, but one who under his bid can demand as matter of right that the sale shall be confirmed.

In the proceeding by Emily Barnett and others, there was no reason why the sale should not be confirmed. Neither party claimed that there was irregularity in the proceedings resulting in the judgment for the sale, or that there was inadequacy of price or fraudulent acts upon the part of the petitioners, the court's commissioner, or the purchaser. Hence Clasby by the acceptance of his bid and the execution of his bonds acquired the same rights he would have acquired by a written contract, entered into with parties *sui juris,* without the intervention of a court. He was from that time forward the equitable owner of the land, and the order of confirmation instead of vesting him with a new or original claim was a mere determination by the chancellor that such claim had existed from the day of the sale.

*Strump v. Kenn, etc.,* Ms. Opinion 1873, and authorities cited; *Vance's Adm'r v. Foster, etc.,* Ms. Opinion 1873.

Being the owner of the land on the 10th day of January, 1871, he was bound to list it for taxation, notwithstanding the fact that the legal title had not then been vested in him by a conveyance. The statute requires the *owner* or *possessor of the estate* and not the holder of the legal title to assess it for taxation, and to pay the taxes due upon it.

It results therefore that appellant should have listed the land bought at the commissioner's sale with the assessor in 1871. He declined to do so and was thereby indirectly instrumental in inducing the assessor to list it to Mrs. Barnett.

It was improperly listed to her, and whilst she might have had the question as to her liability for the tax tested by a proceeding in the county court, she was not bound to resort to such proceeding and incur the trouble and expense incident thereto, but had the right to pay the amount of the taxes to escape the distress threatened by the sheriff, and then look to Clasby for whose use and benefit the payment was made, for the amount so paid.

She was not estopped by her warranty of title; she did not warrant that the estate was free from claims which had accrued against it after appellant became the equitable owner.

The payment of the tax was not a mere voluntary act upon her part, but was made under constraint in some degree brought about by the failure of appellant to perform a legal duty. He enjoys the benefit of the payment and does not occupy that innocent attitude that will authorize him to insist that the payment should be treated as a gratuity.

Without critically examining the instructions it is sufficient to say that those given for appellee are scarcely as favorable as they should have been, and not all those asked for by appellant were properly refused. They being inconsistent with the views herein expressed.

Judgment *affirmed*.

*J. D. Hunt*, for *appellant*.

*Kinkead, Darnell*, for *appellee*.